UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIA CORTES,<br>　　　　Plaintiff,<br>　　v.<br>VICTORIA SECRET STORES, LLC, et al.,<br>　　　　Defendants. | Case No. 5:19-cv-07639-EJD<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 10 |

　　　　Plaintiff Elia Cortes ("Cortes") initiated this putative wage and hour class action suit in Santa Clara County Superior Court. Defendants Victoria Secret Stores, LLC ("VSS") and L Brands, Inc. ("L Brands") (collectively "Defendants") removed the action to this court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(d) (Class Action Fairness Act). Presently before the Court is VSS's motion for an order: (1) dismissing the action because it is duplicative of the federal action styled as *Shauntese Lee v. Victoria's Secret, et al.*, United States District Court for the Central District of California Case No. 8:19-cv-01625-DOC-JDE (the "*Lee* Action") and the state court action styled as *Elizabeth Ochoa v. L Brands, Inc., et al.*, Los Angeles County Superior Court Case No. BC661822 (the "Ochoa Action"); or, in the alternative, (2) staying all proceedings in this action pending the final disposition of the *Lee* and *Ochoa* Actions. VSS contends that the *Lee* Action is an earlier-filed federal action involving substantially the same parties and issues as the instant action and the *Ochoa* Action is a substantially similar, earlier-filed state court action. VSS asserts that Cortes's claims are entirely subsumed within the prior filed actions and thus, the instant action should be dismissed or stayed under the first-to-file and/or *Colorado River* doctrines. VSS also asserts that the Court's inherent authority to manage its own docket

Case No.: 5:19-cv-07639-EJD
ORDER GRANTING MOTION TO STAY

1

provides an independent basis to stay the action. Cortes opposes the motion, contending that abstention under the *Colorado River* doctrine is unwarranted because the *Ochoa* Action will not resolve all of the claims in this case, and the first-to-file rule is inapplicable because the *Lee* Action raises different and distinct issues from this action. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court finds that the first-to-file rule applies and warrants a stay of the proceedings. Therefore, it is unnecessary for the Court to address VSS's alternative bases for dismissal or a stay.

I. BACKGROUND[1]

    A. First-Filed *Ochoa* Action

On March 14, 2017, Elizabeth Ochoa ("Plaintiff Ochoa"), a former nonexempt California VSS employee, filed the operative First Amended Complaint (the "FAC") in the *Ochoa* Action asserting claims for (1) failure to pay wages for all time worked in violation of the California Labor Code sections 1194 and 1197; (2) failure to pay overtime wages for daily overtime worked, all hours worked, and failure to include bonus pay in calculating overtime wages in violation of Labor Code sections 510, 1194 and 1198; (3) failure to authorize or permit meal periods in violation of Labor Code sections 512 and 226.7; (4) failure to authorize or permit rest periods in violation of Labor Code section 226.7; (5) failure to provide complete and accurate wage statements in violation of Labor Code section 226; (6) failure to timely pay all earned wages and final paychecks due at time of separation of employment in violation of Labor Code sections 201, 202, and 203; (7) unfair business practices in violation of California Business and Professions Code section 17200; and (8) civil penalties pursuant to the Private Attorney General Act of 2004 ("PAGA"), Labor Code section 2698. Ochoa's claims are based on Defendants' alleged failure to

---

[1] VSS's request for judicial notice of documents filed in other suits against VSS (Dkt. No. 12) is granted. "Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012); *see also Martin v. QBE Ins. Corp.*, No. 18-2439 TJW, 2019 WL 2009874, at *3 (S.D. Cal. May 7, 2019) (taking judicial notice that complaints were filed on certain dates and that the pleadings contained certain allegations).

Case No.: 5:19-cv-07639-EJD
ORDER GRANTING MOTION TO STAY
2

1   pay hourly non-exempt employees for the 15 minutes they were required to work prior to the start
2   of a shift; "failure to include all remuneration into the overtime rate of pay"; failure to authorize or
3   permit timely first meal periods prior to the sixth hour of work and/or second meal periods; failure
4   to separately compensate hourly non-exempt employees who are paid on commission and/or sales
5   incentive for rest periods and failure to authorize or permit third rest periods; failure to provide
6   accurate wage statements; and failure to timely pay employees all wages due upon separation of
7   employment. Ochoa seeks to represent all current and former non-exempt employees of VSS in
8   California for the period between January 3, 2013 and the present.

9   The *Ochoa* Action was transferred from Alameda County Superior Court to Los Angeles
10  County Superior Court where the case remained stayed pending the final disposition of another
11  class action lawsuit styled as *Mayra Casas, et al. v. Victoria's Secret Stores, LLC, et al.*, C.D. Cal.
12  Case No. CV 14-6412-GW (VBKx). The court granted final approval of the *Casas* settlement in
13  November of 2017. Following the resolution of the *Casas* case, the parties in the *Ochoa* case
14  resumed litigation. VSS's motion for summary judgment, or in the alternative summary
15  adjudication, of Ochoa's remaining claims was deemed submitted on January 8, 2020.

16  B.   Second-Filed *Lee* Action

17  On May 28, 2019, Lee filed suit in Orange County Superior Court (the "*Lee* Action"),
18  which VSS removed to the United States District Court for the Central District of California on
19  August 23, 2019. Lee is a former non-exempt employee of VSS and seeks to represent all current
20  and former non-exempt employees of VSS in California from May 28, 2015 to the present. Lee
21  asserts claims under California law for (1) failure to pay wages, including overtime; (2) failure to
22  provide meal periods; (3) failure to provide rest periods; (4) failure to pay timely wages; (5) failure
23  to provide accurate itemized wage statements; and (6) violation of California Business and
24  Professions Code section 17200. Lee's claims are based on allegations that class members were
25  not compensated for work they performed prior to the start of their scheduled shifts and at the end
26  of their scheduled shifts ("off-the-clock"). For example, Lee was told to start working before her
27  shift when the store was short staffed or when there was a high volume of customers, and that

28  Case No.: 5:19-cv-07639-EJD
ORDER GRANTING MOTION TO STAY

3

1 Defendants failed to account for such time. Lee was also allegedly denied timely and

2 uninterrupted meal periods and rest breaks when the store was short staffed or when there was a

3 high volume of customers. Plaintiff monitored her "walkie-talkie" during rest periods and was

4 often interrupted from her break by requests for help. Lee also alleges that Defendants failed to

5 accurately account for bonuses when calculating overtime pay.

6 On September 11, 2019, the parties stipulated to a stay of the *Lee* Action pending

7 disposition of the *Ochoa* Action. The *Lee* Action remains stayed. Lee has filed a separate PAGA

8 suit against Defendants based upon the same alleged Labor Code violations set forth in the *Lee*

9 Action. The PAGA suit is also stayed pending disposition of the *Ochoa* Action.

C. Third Filed Instant *Cortes* Action

On September 27, 2019, Plaintiff Cortes filed the instant action (the "*Cortes* Action") in state court. Defendants removed the action to this Court on November 20, 2019. Like Ochoa and Lee, Cortes is a former non-exempt employee of VSS. Cortes asserts claims for: failure to provide meal periods; failure to provide rest periods; failure to pay hourly wages; failure to provide accurate wage statements; failure to timely pay all final wages; and unfair competition. Cortes alleges that he constantly monitored conversations and requests for help on his walkie-talkie and responded when necessary. As a result, Cortes and other putative class members were never relieved from their job duties and continued to work while they were off-the-clock. They were also continuously on-call during their rest breaks.

Cortes further alleges that after he clocked out for the day, he was subject to a bag check when leaving the store. Cortes was not compensated for the approximately five minutes it took to complete the bag check.

Cortes also alleges that he missed meal and rest periods because Defendants (1) had a policy of not scheduling meal periods as part of each work shift, (2) chronically understaffed each work shift, (3) imposed so much work that it made it unlikely an employee would be able to take breaks; and (4) there was no formal written company policy that encouraged employees to take their meal and rest periods. Finally, Cortes alleges that he constantly called into work to

Case No.: 5:19-cv-07639-EJD
ORDER GRANTING MOTION TO STAY

4

1 determine if he had to report for a shift, and when he did report to work, he was sent home after

2 only an hour or two without being compensated for a full shift. Cortes proposes to certify two

3 classes of all of VSS's current and former non-exempt employees in California for the period

4 between September 27, 2015 and the present, as well as five sub-classes.

II. DISCUSSION

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir. 1991) (stating first-to-file rule gives federal district courts discretion "to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]"). Courts analyze three factors to determine the applicability of the first-to-file rule: (1) the "chronology of the lawsuits," (2) "similarity of the parties," and (3) "similarity of the issues." *Kohn Law Group*, 787 F.3d at 1240. This rule is intended to promote efficiency and "should not be disregarded lightly." *Id*. at 1239.

Here, it is undisputed that the *Lee* Action was filed before the instant *Cortes* Action. Therefore, the chronology of the lawsuits factor is satisfied. *De La Cruz v. Target Corp.*, No. 18-867 DMS, 2018 WL 3817950, at *3 (S.D. Cal. Aug. 8, 2018).

Nor can there be any dispute that the similarity of the parties factor is satisfied. In the *Lee* Action, Lee is a former non-exempt employee of VSS and seeks to represent all current and former non-exempt employees of VSS in California from May 28, 2015 to the present. In the *Cortes* Action, Cortes is also a former non-exempt employee of VSS and seeks to represent all of VSS's current and former non-exempt employees in California for the period between September 27, 2015 and the present. The proposed classes substantially overlap such that the proposed class in the *Cortes* Action is entirely subsumed in the proposed class in the *Lee* Action. Thus, the plaintiffs in both actions are substantially identical for purposes of the first-to-file rule. *See Zepeda v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 17-2184 DOC, 2018 WL 6981842, at *5 (C.D. Cal. June 1, 2018) (finding similarity of parties where proposed classes had significant

Case No.: 5:19-cv-07639-EJD
ORDER GRANTING MOTION TO STAY

5

overlap); *Target*, 2018 WL 3817950, at *2 (finding similarity of parties where one proposed class was entirely subsumed by the other).

Moreover, Lee's and Cortes's former employer, VSS, and L Brands, Inc. are defendants in both the *Lee* and *Cortes* Actions. That Cortes named two additional entities—Limited Brands Sourcing, Inc. and Limited Brands Direct Holding, Inc.—does not change the analysis. The first-to-file rule does not require the parties to be identical, only substantially similar. *Kohn Law Grp.*, 787 F.3d at 1240.

The final factor is the similarity of the issues. Here, both Lee and Cortes assert the same claims based on alleged Labor Code violations for: (1) failure to pay wages; (2) failure to provide meal periods; (3) failure to provide rest breaks; (4) failure to provide accurate wage statements; and (5) failure to pay all wages at termination. Both Lee and Cortes also assert a claim for violation of Section 17200. Moreover, both plaintiffs seek the same remedies, including damages, attorneys' fees, and costs.

Despite the obvious similarity of claims and remedies, Cortes nevertheless contends that the similarity of issues factor is not satisfied because each suit is predicated on different and distinct theories of liability. According to Cortes, the *Lee* Action is premised on Defendants' alleged failure to compensate putative class members for "off-the-clock" work performed before and after a scheduled shift. In contrast, Cortes's complaint alleges that putative class members worked "off-the-clock" when (1) they monitored walkie talkies and responded to requests for help while they were on their meal and rest breaks and (2) when they were required to undergo a bag check when leaving the store for the day.

Cortes's characterization of the *Lee* Action, however, is inaccurate. The complaint in the *Lee* Action includes allegations that putative class members were required to monitor walkie talkies:

> Further, during the Holiday Season, Plaintiff and Class Members were often asked to stay on the store's premises during the required rest break. Plaintiff and Class Members would often leave their "walkie-talkies" on during rest periods in case the store volume increased and additional help was needed. In these instances, Plaintiff

Case No.: 5:19-cv-07639-EJD
ORDER GRANTING MOTION TO STAY

6

and Class members would be interrupted during their rest period. despite these occurrences, Plaintiff and Class Members were not provided with one hour wages in lieu thereof.

VSS's Req. for Judicial Notice, Ex. H, ¶ 33 (Dkt. No. 12). Thus, both the *Lee* and *Cortes* Action raise nearly identical issues pertaining to monitoring walkie talkies.

The *Cortes* Action does raise a separate issue regarding bag checks that is not within the scope of the *Lee* Action. The existence of an additional claim, however, does not necessarily prevent the application of the first-to-file rule. *See Morrison v. CRST Van Expedited Inc.*, No. 09-5638 VAP, 2010 WL 11519596, at *3 (C.D. Cal. Aug. 5 2010) (finding that plaintiff's addition of a unique claim for "failure to pay the promised and stated piece-rate" did not prevent the rule's application); *MeridianLink, Inc. v. DH Holdings, LLC*, No. 10-2708 ABC, 2010 WL 11512182, at *3 (C.D. Cal. June 16, 2010) (finding that additional claims for antitrust violations and unfair competition did not render the two cases dissimilar because the claims rested on the same facts as the patent-related claims); *W. Pac. Signal, LLC v. Trafficware Grp., Inc.*, 2018 WL 3109809, at *4 (N.D. Cal. June 25, 2018) (applying first-to-file rule where the plaintiff cited "no cases in which a court has declined to apply the first-to-file rule because the plaintiff in the later-filed case filed more expansive claims"). The first-to-file rule does not require identical issues. *Centocor, Inc. v. MedImmune, Inc.*, No. 02-03252, 2002 WL 31465299, *3 (N.D. Cal. Oct. 22, 2002) (stating that the first-to-file rule does not require identical issues or parties "so long as the actions involve closely related questions or common subject matter"); *Priddy v. Lane Bryant, Inc.*, No. 08-6889 MMM, 2008 WL 11410109, at * 7 (C.D. Cal. Nov. 24, 2008) (same). The *Lee* and *Cortes* Actions are substantially similar, notwithstanding the additional bag check issue. Therefore, the first-to-file rule applies.

In most cases, dismissal of a second-filed action is appropriate under the first-to-file rule. *Blue Cove Corp. v. Odyssey Med., Inc.*, No. 10-2606 IEG, 2011 WL 1157866, at *3 (S.D. Cal. Mar. 28, 2011). Nevertheless, the Court in its discretion[2] has determined that a stay is preferable

---

[2] *Alltrade*, 946 F.2d at 623 (stating first-to-file rule gives federal district courts discretion "to transfer, stay, or dismiss an action).

Case No.: 5:19-cv-07639-EJD
ORDER GRANTING MOTION TO STAY

7

1 because the bag check claim is not likely to be resolved in the *Lee* Action.

## III. CONCLUSION

For the reasons set forth above, VSS's motion to stay the proceedings is GRANTED. This case is stayed pending resolution of the *Lee* Action. The Clerk shall administratively close the file.

**IT IS SO ORDERED.**

Dated: March 9, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-07639-EJD
ORDER GRANTING MOTION TO STAY
8